UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X



DAVID CAMARATA, on behalf          :
of himself and all others
similarly situated,                :
                                        16 Civ. 132 (AT)(HBP)
                    Plaintiff,     :
                                        OPINION
          -against-                :    AND ORDER

EXPERIAN INFORMATION SOLUTIONS,    :
INC.,
                                   :
                    Defendant.
                                   :
------------------------------------X

          PITMAN, United States Magistrate Judge:

          By letter dated February 13, 2018 (Docket Item ("D.I.")
73), defendant, Experian Information Solutions, Inc. ("Experian")
seeks to preclude plaintiff from offering expert testimony in
this matter.  For the reasons set forth below, Experian's appli-
cation is granted in part.

          This is a putative class action brought under the Fair
Credit Reporting Act, 15 U.S.C. §§ 1651, et seq., and New York's
Fair Credit Reporting Act, N.Y. Gen. Bus. L. §§ 380 et seq.,
alleging that defendant "systematically misrepresents to consum-
ers the source of public record information (such as civil
judgments, tax liens and bankruptcies) that it places on their
consumer reports" (Complaint (D.I. 1) ¶ 1).  Plaintiff contends

that this alleged practice deprived him of information to which he is entitled and has made it more difficult for him to correct errors in his credit reports.

The present dispute arises out of the schedule set for expert disclosures. On May 26, 2017, I granted the parties' joint application to extend the discovery schedule. My endorsed order provided that the "Deadline for Plaintiff's Expert Disclosures" was September 11, 2017 and that the "Deadline for Experian's Expert Disclosures" was November 1, 2017 (Endorsed Order, dated May 26, 2017 (D.I. 69)). The Order also set a deadline of December 15, 2017 for the completion of expert discovery and further provided that there would be "NO FURTHER EXTENSIONS" (capitalization in original).

Although plaintiff's counsel advised defendant's counsel on May 23, 2017 that plaintiff intended to offer testimony from at least two different experts, plaintiff never made the disclosures required by Fed.R.Civ.P. 26(a)(2) (Declaration of Chris J. Lopata, Esq., dated Feb. 13, 2018, annexed to the Letter to the undersigned, dated Feb. 13, 2018 (D.I. 73) ("Lopata Decl.") ¶¶ 4, 8). Plaintiff's counsel represented during oral argument in connection with the present application that his decision not to rely on an expert was a "strategic" decision. Defendant did make expert disclosures on November 1, 2017, as

2

required by the operative scheduling Order (Lopata Decl. ¶ 9).
Despite the passage of the deadline for plaintiff's expert
disclosures, plaintiff's counsel suggested to Experian's counsel
on November 14, 2017 that plaintiff intended disclose and offer
"rebuttal" experts (Lopata Decl. ¶ 10).

Expert disclosures are obviously important in federal
civil litigation because an expert witness is ordinarily limited
to the matter disclosed in his or her report. "The expert's
report operates to limit the scope of the testimony that can be
elicited from the expert. Opinions that are not disclosed in the
expert's report cannot be offered." LaSalle Bank Nat'l Ass'n v.
CIBC Inc., No. 08 Civ. 8426 (WHP)(HBP), 2012 WL 466785 at *9
(S.D.N.Y. Feb. 14, 2012); accord Tomaselli v. Zimmer Inc., 14
Civ. 4474 (RA)(SN), 2017 WL 2820065 at *8 (S.D.N.Y. Jan. 20,
2017) (Netburn, M.J.) (Report & Recommendation), adopted at, 2017
WL 1011492 (S.D.N.Y. Mar. 15, 2017). "By 'locking' the expert
witness into what Fed.R.Civ.P. 26(a)(2)(B) calls 'a complete
statement of all opinions to be expressed and the basis and
reasons therefor,' the opposing party knows exactly what she is
facing and can decide whether to take the deposition of the
expert and how to prepare for cross examination and rebuttal.
When the expert supplements her report by addressing a new matter
after discovery has ended, the very purpose of the rule is

3

nullified." Coles v. Perry, 217 F.R.D. 1, 4 (D.D.C. 2003);
accord Lidle v. Cirrus Design Corp., 08 Civ. 1253 (BSJ)(HBP),
2009 WL 4907201 at *5-*6 (S.D.N.Y. Dec. 18, 2009); see Advanced
Analytics, Inc. v. Citigroup Global Mkts., Inc., 301 F.R.D. 31,
36 (S.D.N.Y.) (excluding expert testimony that exceeded the
bounds of the expert's report), objections overruled, 301 F.R.D.
47 (S.D.N.Y. 2014); Morritt v. Stryker Corp., 07-CV-2319
(RRM)(RER), 2011 WL 3876960 at *5 (E.D.N.Y. Sept. 1, 2011)
(collecting cases).

          The sequence of expert disclosures, as set forth in the
scheduling order in this case (and as set forth in most schedul-
ing orders), follows the allocation of the burden of proof at
trial.  The plaintiff makes the initial expert disclosures.
Thereafter, defendant serves rebuttal expert disclosures.  And if
the defendant's rebuttal disclosure raises new matter, plaintiff
may serve a reply expert disclosure limited to the new mater in
defendant's rebuttal expert disclosure.  Lidle v. Cirrus Design
Corp., supra, 2009 WL 4907201 at *4; see also Fed.R.Civ.P.
26(a)(2)(D).  A plaintiff cannot subvert this sequence by serving
a deficient or bare-bones opening report, or failing to serve an
opening report, and then serving a full and complete report
merely by claiming that the second, complete report is a reply or
a supplementation pursuant to Fed.R.Civ.P. 26(e).  Cedar Petro-

                              4

chemicals, Inc. v. Dongbu Hannong Chem. Co., 769 F. Supp. 2d 269, 278 (S.D.N.Y. 2011) (Francis, M.J.); Lidle v. Cirrus Design Corp., supra, 2009 WL 4907201 at *5-*6. Nevertheless, the Federal Rules of Civil Procedure do permit each party to submit an expert report "solely to contradict or rebut evidence on the same subject matter identified by another" expert. Fed.R.Civ.R. 26(a)(2)(D)(ii).

It would be patently unfair to permit a party to ignore the deadline set for its initial expert disclosures, wait until its adversary serves its expert report and then address all appropriate subjects of expert testimony under the claim that it is merely serving a reply or rebuttal expert report. Permitting such practice would render pretrial scheduling orders meaning-less; every plaintiff could simply ignore the deadline for its expert disclosures and then get the last word after defendant makes it expert disclosures. Nevertheless, the total preclusion of a plaintiff from serving a response to a defendant's expert disclosure is disproportionate. The fact that plaintiff has decided to forego reliance on an expert as part of his direct case should not preclude him from challenging defendant's expert evidence.

I conclude that the appropriate resolution of the present dispute is to permit plaintiff to do what the Federal

Rules of Civil Procedure permit, namely offer an expert to rebut
defendant's expert, but no more. Assuming that plaintiff's
expert witness satisfies the requirements of the Federal Rules of
Evidence, plaintiff may make expert disclosures and offer an
expert witness to show that any opinions offered by Experian's
experts are flawed or incorrect. Plaintiff's expert may not,
however, offer different or new opinions that should have been
disclosed in an opening expert report nor may plaintiff's expert
opine as to matters that are not addressed by defendant's ex-
perts; plaintiff's failure to make expert disclosures in accor-
dance with the schedule plaintiff agreed to and that was ordered
by the undersigned precludes him from doing so.[1]  Finally, if
defendant elects not to call an expert at trial, plaintiff may

---

[1]Given the fact that plaintiff's counsel expressly admitted
that he made a "strategic" decision not to make expert
disclosures, there is no need to address whether the deadlines
for expert disclosures should be extended or whether preclusion
would is an overly harsh sanction for violation of a scheduling
order.  See generally Lidle v. Cirrus Design Corp., supra, 2009
WL 4907201 at *6-*7.

not call an expert. If defendant does not offer any expert

opinions, there is no expert testimony for plaintiff to rebut.

Dated: New York, New York
       March 5, 2018

                              SO ORDERED

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies transmitted to:

All Counsel